## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-59


DIANA GEORGE

VERSUS

CAJUN OUTDOOR PRODUCTIONS, L.L.C. AND LOUISIANA
WORKERS' COMPENSATION CORPORATION


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 14-00725
SHARON MORROW, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John E. Conery, and David Kent Savoie, Judges.


**AFFIRMED.**

**Matthew D. McConnell**
**Matthew R. Reed**
**McConnell Law Offices**
**Post Office Box 52024**
**Lafayette, Louisiana  70505-2024**
**(337) 347-6404**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Diana George**

**Matthew R. Richards**
**Johnson, Stiltner & Rahman**
**Post Office Box 98001**
**Baton Rouge, Louisiana  70898-8001**
**(225) 231-0521**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
> **Cajun Outdoor Productions, L.L.C.**
> **Louisiana Workers' Compensation Corporation**

**CONERY, Judge.**

In a dispute over whether an accident occurred in the course and scope of her employment in sales, the Workers' Compensation Judge (WCJ) found in favor of the plaintiff-employee, Diana George (Ms. George) and against her employer, Cajun Outdoor Productions, L.L.C. (Cajun), and their workers' compensation insurer, the Louisiana Workers' Compensation Corporation (LWCC). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Ms. George made two claims for benefits and medical treatment against her employer, Cajun, and the LWCC. The first was for a back strain that she allegedly suffered April 27, 2012, while moving around magazines for several days without help. The second was for injuries to her head, back, shoulders, and feet when she fell in a pothole in the parking lot of Albertsons while attempting to deliver sample magazines to a potential new Cajun customer, Beverly Thoman.

On February 19, 2015, the WCJ issued a preliminary determination, after reviewing the matter on briefs and documents, including the two depositions of Ms. George. Counsel agreed to the submission of the matter, without a hearing, when Ms. George was unable to attend.

The WCJ found two controverted issues in the case, which included the recommendation for an MRI of the head and the request for a referral to a physician for treatment for both her feet and bunions. The WCJ's ruling stated:

> It is the preliminary determination of the court that the defendant has reasonable grounds to contest the causal connection of the recommendations including the lapse of 2 years between the incidents in question and the recommendations and the multiple inconsistencies in the histories, the complaints and objective findings on physical examination.

On May 19, 2015, the WCJ held a hearing in order to determine the nature of the two claims. On May 28, 2015, the WCJ issued a judgment which found the following:

> [T]hat the April 27, 2012 incident does not meet the statutory requirements of an "accident[,]" as that term is contemplated by the Workers['] Compensation Act as interpreted by *Broussard v. Stine Lumber Co.*, 82 So.3d 1274 (La. App. 3 Cir.[] 2012), [*writ denied*, 12-451 (La.4/13/12), 85 So.3d 1250], and is therefore not compensable.

That decision by the WCJ is not before us on appeal.

The WCJ then found that the June 23, 2012 incident in the Albertsons parking lot did meet the statutory requirements of an "accident." The WCJ further found that Ms. George:

> [W]as in the course and scope of employment with her employer at the time of her fall on the parking lot of the Albertson[]s grocery store, located at Ambassador Caffery and Kaliste Saloom in Lafayette, Louisiana; as such, the June 23, 2012 accident is therefore compensable as a work-related injury covered by the laws of Workers' Compensation.

The WCJ also found Ms. George's "injuries to the neck, back, shoulders, head, and feet (excluding bunions)" were "causally related to the on-the-job accident in the parking lot at Albertson's that occurred on June 23, 2012 and are to be treated in accordance with the Louisiana Medical Treatment Guidelines."

The WCJ found that the handling of the claim by the LWCC was reasonable and declined to award penalties and attorney fees at this point in the proceedings.

Cajun and the LWCC have timely appealed the WCJ's ruling finding that Ms. George was in the course and scope of her employment with Cajun at the time of the accident in the Albertsons parking lot.

## ASSIGNMENT OF ERROR

Cajun and the LWCC have asserted one assignment of error on appeal:

2

1. It was legal error for the Trial Court to find that the plaintiff carried her burden in proving that the accident that caused injuries to her neck, back, shoulders, head and feet (excluding bunions), which occurred on June 23, 2012, was in the course of her employment with Cajun Outdoor Productions, L.L.C.

## LAW AND DISCUSSION

### *Standard of Review*

This court has previously found that "[f]indings by the WCJ that an accident arose out of and was in the course and scope of employment are factual determinations subject to review under the manifest error standard." *Mayes v. Deep S. Chem., Inc.*, 11-91, p. 3 (La.App. 3 Cir. (6/1/11), 66 So.3d 65, 68. "The determination of coverage is a subjective one in that each case must be decided from all of its particular facts." *Jackson v. Am. Ins. Co.*, 404 So.2d 218, 220 (La.1981).

In *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973), the supreme court defined the standard to be used in appellate review of facts as follows:

> When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.

The Louisiana Supreme Court in *Peironnet v. Matador Resources Co.*, 12-2292, p. 35 (La. 6/28/13), 144 So.3d 791, 817, reiterated the long held rule cited in *Rosell v. ESCO*, 549 So.2d 840 (La.1989), that "where there are two permissible

3

views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong."

### *Burden of Proof*

When a worker brings a compensation claim against her employer, she bears the burden of initially proving that she suffered "personal injury by *accident* arising out of and in the course of [her] employment." *Bruno v. Harbert Int'l. Inc.*, 593 So.2d 357, 360 (La.1992); La.R.S. 23:1031(A). Louisiana Revised Statutes 23:1031(A) further provides that, if this burden is met, "his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."

### *Assignment of Error One*

Cajun and the LWCC argue that the WCJ erred in finding that Ms. George was in the course and scope of her employment at the time of the accident. They assert that the deposition of Cheryl Tyl, who was with Ms. George at the time of the accident, paints a different picture than the story told by Ms. George.

Ms. Tyl testified that Ms. George was at Albertsons to make a bank deposit and that she did not have any magazines in her hands at the time of the fall. However, Ms. Tyl also admitted that she did not know the exact reason that Ms. George had come to the Albertsons parking lot, so it could also have been for job related business with Ms. Thoman, a third-party disinterested witness, as claimed by Ms. George.

The WCJ found that Ms. George was a credible witness, whose version of the accident was supported by the deposition testimony of Betty Thoman, a potential customer of Cajun. Ms. Thoman's deposition testimony stated she was considering advertising in Cajun's publication and had arranged to meet Ms.

4

George in the Albertsons parking lot to obtain some sample Cajun magazines. While carrying the magazines, Ms. George tripped in a pothole and fell, suffering the above mentioned injuries. The WCJ found that Ms. Thoman was a disinterested third-party to the proceedings and would have no reason to lie about how the accident occurred.

The WCJ also relied on the deposition of Ms. George's employer and her direct supervisor, Charles Maraist, Jr., in finding that the accident at issue occurred while Ms. George was in the course and scope of her employment with Cajun. Mr. Maraist testified that Ms. George did not need anyone's permission to meet with a potential client outside the Cajun offices. He stated, "She had free reign to -- if she thought it was necessary to meet up with -- she tried to close sales over the phone, but if she thought it was -- she had to meet up with someone, she would." Mr. Maraist's testimony that it was not unusual for Ms. George to meet customers outside the Cajun offices provided a reasonable explanation to the WCJ for Ms. George's meeting with Ms. Thoman in the Albertsons parking lot.

The principle stated in *Peironnet*, 144 So.3d at 817, "where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong[,]" is applicable to the findings of the WCJ in this case.

We therefore find no manifest error in the WCJ's judgment. We affirm the WCJ's findings of fact that the June 23, 2012 accident in the Albertsons parking lot occurred in the course and scope of Ms. George's employment with Cajun and that she is entitled to treatment in accordance with the Louisiana Medical Treatment Guidelines.

## CONCLUSION

For the foregoing reasons, we find that the WCJ was not manifestly erroneous in finding that Ms. George met her burden of proof in establishing that an accident occurred in the course and scope of her employment with Cajun in accordance with La.R.S. 23:1031(A). Accordingly, we affirm the judgment in its entirety and assess the costs of this appeal to Cajun Outdoor Productions, L.L.C. and the Louisiana Workers' Compensation Corporation.

**AFFIRMED.**